The Honorable David Wyatt State Senator 159 Wyatt Lane Batesville, Arkansas 72501
Dear Senator Wyatt:
I am writing in response to your request for an opinion on the following two questions:
 (1) Is rent considered operation and maintenance for a library?
 (2) Can the county library millage be used for rent considering [sic] operation and maintenance?
RESPONSE
Because you reference county libraries without providing background facts, this opinion confines itself to Amendment 38 to the Arkansas Constitution and addresses your question in the abstract without reference to any specific ballot or ordinance. In my opinion, the answer to both questions is "yes." As for your first question, while there is no case law, statutory, or constitutional definition for "operation and maintenance" in this context, the phrase probably includes rent by its plain meaning. As for your second question, in my opinion, because rent can be considered "operation and maintenance" for a library, counties may generally use funds specifically set aside for the "operation and maintenance" of the library to pay rent. *Page 2 
Question 1: Is rent considered operation and maintenance for alibrary?
In my opinion, rent can be considered "operation and maintenance" with respect to libraries. There is no case-law, statutory, or constitutional definition of "operation" or "maintenance" in this context. Accordingly, my analysis is based simply on the plain meaning of the phrase. Amendment 38, section 1 of Arkansas's constitution provides the circumstances under which a county may adopt a tax "for the purpose of maintaining and operating a public county library. . . ." Similarly, two Arkansas statutes closely track the language of amendment 38. Arkansas Code Annotated § 13-2-401(a) (Repl. 2003) empowers county quorum courts to "establish, maintain, and operate county public libraries. . . ." Similarly, A.C.A. § 13-2-404(a)(2) (Supp. 2007) provides: "A county which supports a county public library. . .with a library tax under . . . Amendment 38 . . . shall by ordinance levy a tax . . . to be used for the support, operation, and maintenance of the public library. . . ." Black's Law Dictionary defines "maintenance" as "[t]he continuing possession of something, such as property." Black's Law Dictionary 973 (Bryan A. Garner, 8th ed., West 2004). "Operation," is the nominalized form of "operate," which means "to work, perform, or function" or "to put or keep (a factory, industrial system, ranch, etc.) working or in operation. Random House Webster's Unabridged Dictionary 1357 (2d ed. 1999).
Because I have not located any general prohibition on county libraries being housed in rented private buildings, the only question is whether rent is considered "operation and maintenance." Cf. Op. Att'y Gen.2004-319 (indicating a city's agreement to rent space for its library must be reasonable). Applying the above definitions to libraries, rent is usually required to continually possess property not owned by the county. Thus, rent would likely be considered "maintenance." Further, and more fundamentally, to operate a library — that is, to place it "in operation" — one needs to obtain a building. Because there is no general prohibition on county libraries renting private buildings, and rent is sometimes a necessary prerequisite to putting a county library "in operation," I conclude that rent can also be considered "operation." Therefore, rent can properly be considered operation and maintenance, in my opinion.
Question 2: Can the county library millage be used for rentconsidering [sic] operation and maintenance? *Page 3 
By this question, I assume you are asking about the proper use of moneys derived from a tax that is levied to expressly provide for the operation and maintenance of county libraries. Because I concluded that rent is a permissible use of funds set aside for "operation and maintenance" in the context of county libraries, moneys derived from a tax for operation and maintenance may be used for rent. I must note, however, I am not opining on whether any particular appropriation is consistent with these rules because I am neither authorized nor equipped to do so.E.g., Op. Att'y Gen. Nos. 2001-012; 90-319.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1